{¶ 35} Although I am sympathetic to the comments made in the dissenting opinion with respect to appellant's first assignment of error, in their light, I feel compelled to write separately in concurring with the majority opinion in order to make an observation.
 {¶ 36} The Ohio legislature of late has made great strides in criminalizing juvenile court proceedings. For example, there are now mandatory penalties, mandatory bindovers, jury trials, and application of sexual predator laws. Except for grand jury indictment at the initial stage of the proceedings, when these changes are layered upon the standard of proof "beyond a reasonable doubt," pretrial detentions, and the like, juvenile proceedings objectively are very little different from the proceedings relating to adult crimes.
 {¶ 37} As a former member of the juvenile court, I can state that, for good or ill, we have traveled a long way from the simpler time when the judge, in the role of the sometimes stern and sometimes kindly grandfather, sat around the table with Mom, Dad, and the wayward child, together with the probation officer, in order to come to an appropriate disposition of the case. Prosecutors and defense lawyers infrequently were involved in those times at any stage of the proceedings.
 {¶ 38} Times now are quite different. Since by law the criminal aspect of the proceedings against juveniles have become closely aligned with criminal proceedings made against adults, I concur with the majority opinion on this point.